**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| *In re*: ) | Chapter 7 |
| ) | |
| Robert E. Hicks, ) | |
| ) | |
| *Debtors*. ) | Case No. 18-30214-KLP |
| ) | |
| Peter J. Barrett, in His Capacity as Chapter 7 ) | |
| Trustee of the Bankruptcy Estate of Robert E. ) | |
| Hicks, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | APN 19-03028-KLP |
| ) | |
| Mark K. Brown, *et al*. ) | |
| ) | |
| *Defendants*. ) | |

**CITIZENS AND FARMERS BANK'S ANSWER TO COMPLAINT**

Defendant Citizens and Farmers Bank ("C&F"), through counsel, files this Answer in response to the Complaint (the "Complaint"[1]) filed by Plaintiff Peter J. Barrett, in his Capacity as Chapter 7 Trustee of the Bankruptcy Estate of Robert E. Hicks (the "Plaintiff"). In support, C&F states as follows:

**JURISDICTION AND VENUE**

1. Paragraph 1 contains legal conclusions to which no response is required. To the

---

[1] Unless stated otherwise, capitalized terms not defined herein shall have the meaning ascribed to them in the Complaint.

---

Robert H. Chappell, III, Esquire (VSB No. 31698)
Jennifer J. West, Esquire (VSB No. 47522)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:    (804) 697-2000
Facsimile:    (804) 697-2100
*Counsel to Citizens and Farmers Bank*

extent a response is required, C&F denies the allegations in Paragraph 1 and demands strict proof thereof.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 2 and demands strict proof thereof.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 3 and demands strict proof thereof.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 4 and demands strict proof thereof.

## NATURE OF THE ACTION

5. As to the allegations contained in Paragraph 6, C&F states that upon information and belief the Debtor owns a parcel of real property commonly known as 3232 Grove Avenue, Richmond, Virginia. C&F lacks knowledge and information sufficient to admit or deny the remaining allegations contained in Paragraph 5 and therefore denies the remaining allegations and demands strict proof thereof.

## BACKGROUND

6. C&F admits the allegations contained in Paragraph 6.

7. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 7 and, therefore, denies the allegations in Paragraph 7 and demands strict proof thereof.

## LIENS ON THE GROVE AVENUE PROPERTY

8. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 8 and, therefore, denies the allegations in Paragraph 8 and demands strict proof thereof.

9. As to the allegations contained in Paragraph 9, C&F admits that it has a deed of trust lien on the property defined as the Grove Avenue Property in the Complaint. C&F further affirmatively states that as of the Petition Date (as defined in the Complaint), C&F was owed not less than $200,848.31 as evidenced by its filed proof of claim (the "Claim"). C&F further states that it is entitled to interest on the Claim as well as reasonable fees, costs, or charges provided for under the agreement under which the claim arose pursuant to 11 U.S.C. § 506 to the extent the value of the Grove Avenue Property exceeds the amount of the Claim and any liens superior to C&F's lien that may exist on the Grove Avenue Property. C&F admits that the documents attached as Exhibit B to the Complaint are true and accurate copies of the documents evidencing the debt owed to C&F and C&F's lien on the Grove Avenue Property. C&F denies all other allegations contained in Paragraph 9 and demands strict proof thereof.

10. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 10, including all of its subparts, and therefore, denies the allegations in Paragraph 10, including all subparts, and demands strict proof thereof.

11. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 11 and, therefore, denies the allegations in Paragraph 11 and demands strict proof thereof.

12. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 12 and, therefore, denies the allegations in Paragraph 12 and demands strict proof

thereof.

13. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 13 and, therefore, denies the allegations in Paragraph 13 and demands strict proof thereof.

14. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 14 and, therefore, denies the allegations in Paragraph 14 and demands strict proof thereof.

15. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 15 and, therefore, denies the allegations in Paragraph 15 and demands strict proof thereof.

**COUNT I**
**Avoidance of the Horizon Lien and Noland Lien as Preferential Transfers Under Section 547 of the Bankruptcy Code Against Horizon and Noland**

16. C&F repeats its responses contained in Paragraphs 1-15 above as if fully set forth herein.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 17 and demands strict proof thereof.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 18 and demands strict proof thereof.

19. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 19 and, therefore, denies the allegations in Paragraph 19 and demands strict proof thereof.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 20 and demands strict proof thereof.

21. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 21 and, therefore, denies those allegations. Further, Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 21 and demands strict proof thereof.

22. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 22 and, therefore, denies the allegations in Paragraph 22 and demands strict proof thereof.

23. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 23 and, therefore, denies the allegations in Paragraph 23 and demands strict proof thereof.

24. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 24 and, therefore, denies the allegations in Paragraph 24 and demands strict proof thereof.

25. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 25 and, therefore, denies those allegations. Further, Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 25 and demands strict proof thereof.

26. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 26 and, therefore, denies those allegations. Further, Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies

the allegations in Paragraph 26 and demands strict proof thereof.

27. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 27 and, therefore, denies those allegations. Further, Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 27 and demands strict proof thereof.

28. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 28 and, therefore, denies those allegations. Further, Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 28 and demands strict proof thereof.

29. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 29 and, therefore, denies those allegations. Further, Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 29 and demands strict proof thereof.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 30 and demands strict proof thereof.

### COUNT II
### Avoidance of the Brown Lien, Horizon Lien, Noland Lien and Sherwin-Williams Lien as Fraudulent Transfers under Section 548(a)(1)(B) of the Bankruptcy Code Against Brown, Horizon, Noland and Sherwin-Williams

31. C&F repeats its responses contained in Paragraphs 1-30 above as if fully set forth herein.

32. Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 32 and demands strict proof thereof.

33. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 33 and, therefore, denies those allegations and demands strict proof thereof.

34. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 34, including its subparts, and therefore denies those allegations. Further, Paragraph 34, including its subparts, contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 34, and its subparts, and demands strict proof thereof.

35. Paragraph 35 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 35 and demands strict proof thereof.

### COUNT III
### Avoidance of the Brown Lien, Horizon Lien, Noland Lien and Sherwin-Williams Lien as Fraudulent Transfers under Section 548(a)(1)(A) of the Bankruptcy Code

36. C&F repeats its responses contained in Paragraphs 1-35 above as if fully set forth herein.

37. Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 37 and demands strict proof thereof.

38. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 38 and, therefore, denies the allegations in Paragraph 38 and demands strict proof thereof.

39. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 39 and, therefore, denies the allegations in Paragraph 39 and demands strict proof thereof.

40. Paragraph 40, including all subparts, contains legal conclusions to which no response is required.  To the extent a response is required, C&F denies the allegations in Paragraph 40, including all subparts, and demands strict proof thereof.

41. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 41 and, therefore, denies the allegations in Paragraph 41 and demands strict proof thereof.

42. Paragraph 42 contains legal conclusions to which no response is required.  To the extent a response is required, C&F denies the allegations in Paragraph 42 and demands strict proof thereof.

### COUNT IV
### Avoidance of the City of Richmond Lien as a Post-Petition Date Transaction under Section 549 of the Bankruptcy Code Against The City of Richmond

43. C&F repeats its responses contained in Paragraphs 1-42 above as if fully set forth herein.

44. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 44 and, therefore, denies the allegations in Paragraph 44 and demands strict proof thereof.

45. Paragraph 45 contains legal conclusions to which no response is required.  To the extent a response is required, C&F denies the allegations in Paragraph 45 and demands strict proof thereof.

46. Paragraph 46 contains legal conclusions to which no response is required.  To the extent a response is required, C&F denies the allegations in Paragraph 46 and demands strict proof thereof.

47. Paragraph 47 contains legal conclusions to which no response is required. To the

extent a response is required, C&F denies the allegations in Paragraph 47 and demands strict proof thereof.

## COUNT VI
### Declaratory Judgment to Determine the Validity, Extent and Priority of Liens against All Defendants

48.　C&F repeats its responses contained in Paragraphs 1-47 above as if fully set forth herein.

49.　Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 49 and demands strict proof thereof.

50.　C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 50 and, therefore, denies the allegations in Paragraph 50 and demands strict proof thereof.

51.　As to the allegations contained in Paragraph 51, C&F admits that it has a deed of trust lien on the property defined as the Grove Avenue Property in the Complaint. C&F further affirmatively states that as of the Petition Date, C&F was owed not less than $200,848.31 as evidenced by its filed Claim. C&F further states that it is entitled to interest on the Claim as well as reasonable fees, costs, or charges provided for under the agreement under which the claim arose pursuant to 11 U.S.C. § 506 to the extent the value of the Grove Avenue Property exceeds the amount of the Claim and any superior liens that may exist on the Grove Avenue Property. C&F denies all other allegations contained in Paragraph 51 and demands strict proof thereof.

52.　C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 52, and therefore, denies those allegations. Further, Paragraph 52 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies

the allegations in Paragraph 52 and demands strict proof thereof.

53. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 53, and therefore, denies those allegations. Further, Paragraph 53 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 53 and demands strict proof thereof.

54. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 54, and therefore, denies those allegations. Further, Paragraph 54 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 54 and demands strict proof thereof.

55. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 55, and therefore, denies those allegations. Further, Paragraph 55 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 55 and demands strict proof thereof.

56. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 56, and therefore, denies those allegations. Further, Paragraph 56 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 56 and demands strict proof thereof.

57. Paragraph 57 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 57 and demands strict proof thereof.

58. Paragraph 58 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 58 and demands strict proof thereof.

59. Paragraph 59 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 59 and demands strict proof thereof.

## COUNT VII
### Claim Objections as to Brown, Horizon, Noland and Sherwin-Williams

60. C&F repeats its responses contained in Paragraphs 1-59 above as if fully set forth herein.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 61 and demands strict proof thereof.

62. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 62, and therefore, denies those allegations. Further, Paragraph 62 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 62 and demands strict proof thereof.

63. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 63, and therefore, denies those allegations. Further, Paragraph 63 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 63 and demands strict proof thereof.

64. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 64, and therefore, denies those allegations. Further, Paragraph 64 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 64 and demands strict proof thereof.

65. C&F lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 65, and therefore, denies those allegations. Further, Paragraph 65 contains legal

arguments and/or legal conclusions to which no response is required. To the extent a response is required, C&F denies the allegations in Paragraph 65 and demands strict proof thereof.

66. C&F admits the allegations contained in Paragraph 66.

### **RESERVATION OF RIGHTS**

C&F reserves all rights under applicable law to assert and allege additional defenses as such defenses may become known during discovery and other proceedings in, or related to, this adversary proceeding, and to withdraw, amend, or modify this Answer accordingly. C&F further reserves the right to withdraw any defense that it determines is no longer applicable during the course of discovery and other proceedings in, or related to, this adversary proceeding. Nothing herein shall be construed to be a waiver of any of C&F's defenses or claims related to the Complaint or the relief that Plaintiff seeks.

**WHEREFORE**, Defendant Citizens and Farmers Bank prays that this Court (a) take no action to the prejudice of C&F, (b) find that C&F holds a validly perfected deed of trust lien on the Grove Avenue Property in an amount not less than $200,848.31 plus interest, fees and costs as may be allowed pursuant to 11 U.S.C. § 506 and (c) award to C&F such other and further relief as the Court may deem appropriate.

DATED: April 9, 2019                           CITIZENS AND FARMERS BANK


                                               By: /s/ Jennifer J. West
                                                      Counsel

Robert H. Chappell, III, Esquire (VSB No. 31698)
Jennifer J. West, Esquire (VSB No. 47522)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:    (804) 697-2000
Facsimile:    (804) 697-2100
*Counsel to Citizens and Farmers Bank*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing was served on this 9th day of April, 2019, via first class U.S. Mail, postage prepaid. and/or CM/ECF electronic notification, to the following parties:

Robert S. Westermann, Esquire
Alexander R. Kalyniuk, Esquire
Hirschler Fleischer, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, VA 23223

                                              /s/ Jennifer J. West